**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL DIAZ, AKA Diego Morales, | No. 15-73660 |
| Petitioner, | |
| v. | Agency No. A200-246-098 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Manuel Diaz, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' orders dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Diaz's due process claims because he failed to raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that Diaz failed to demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Diaz's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Diaz's remaining particular social group contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Diaz failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of

torture established).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

15-73660